NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:                                                                    Trenton Vicinage

DOUGLAS and DEBORAH ROBERTSON,         Chapter 13

                                                                          Case No.: 08-14564(MBK)

                       Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
DOUGLAS and DEBORAH ROBERTSON,

                       Plaintiffs,

     v.

                                                   Adv. Pro. No: 08-2551(MBK)

JULIUS M. BADER TRUST and
CAROL L. BARON,
                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

## MEMORANDUM DECISION

APPEARANCES:
Marc C. Capone, Esq
Capone & Keefe, PC
60 Highway 71, Unit 2
Spring Lake Heights, NJ 07762
*Attorney for Debtors*

Keith Bonchi, Esq.
Goldenberg, Mackler, Sayegh, Mintz
Pfeffer, Bionchi & Gill
660 New Road, Suite 1-A
Northfield, NJ 08225
*Attorneys for* Julius M. Bader Trust and Carol L. Braun
------------------------------------------------------------------------------------------------------------------
**MICHAEL B. KAPLAN, U.S.B.J.**

       This matter comes before the Court upon the Debtor-Plaintiffs' Verified Complaint for

Mandatory Injunctive Relief, Declaratory Judgment and Sanctions, and the Defendants' Cross-

Motion seeking (1) the dismissal of the underlying bankruptcy or, alternatively, (2) the entry of an order dismissing Julius M. Bader Trust as a party defendant to this matter and the entry of a judgment providing that the real property identified as 70 Gladney Avenue, Toms River, New Jersey—or that at least a 50% interest therein—is not property of the bankruptcy estate. The parties presented oral arguments to the Court on December 1, 2008.

As a threshold matter, this court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). The following constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

From the pleadings, certifications and exhibits submitted by the parties, the Court distills the following relevant facts and procedural history:

1. The Debtor-Plaintiffs ("Mr. Robertson" and/or "Mrs. Robertson") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on March 14, 2008, at 3:44 p.m.

2. Mrs. Robertson was left, through the estate of her grandmother, a 50% interest in real property located at 70 Gladney Avenue, Toms River, New Jersey ("Subject Property") and designated the testamentary trustee for the benefit of her grandmother's son, Edward Koziatek, with respect to the remaining 50% interest. Upon Mr. Koziatek's death, this 50% interest would vest in Mrs. Robertson.[1]

---

[1] While the Debtor-Plaintiffs' have provided the Court with documentation evidencing a subsequent transfer of this interest to Mrs. Robertson for the sum of $10,000, a copy of a deed has not been made part of the record and the Court does not regard any such transaction as dispositive for a resolution of the issues before the Court.

3. On March 14, 2008, the same day as the filing of the Debtor-Plaintiffs' petition, a Final Judgment of Foreclosure with respect to the Subject Property was entered in favor of Defendant, Carol L. Baron ("Baron"), a tax certificate holder.[2] The judgment was for a tax certificate purchased by Baron for water and sewer charges in the total amount of $702.30.

4. Subsequently, the Debtor-Plaintiffs' Chapter 13 plan was confirmed by the Court. The confirmed Chapter 13 Plan ("Plan") provided for the sale of the subject property within 12 months of the filing of the petition, which sale was projected to result in a 100% payout to unsecured creditors. No objection to the Plan's confirmation was filed by the Defendants.

5. Subsequent to confirmation, the Debtor-Plaintiffs attempted to show the Subject Property to an interested purchaser and were unable to enter the Subject Property as they came to learn that Baron had changed the locks on the subject property.[3]

6. Plaintiffs filed the within adversary proceeding, by order to show cause, seeking the imposition of a mandatory injunction and temporary restraints, to prevent the interference with Debtor-Plaintiffs' ability to market and sell the subject property as provided under the Plan.

7. Official Form 1, Exhibit D to the Debtor-Plaintiffs' Voluntary Petition reflects that Allen Credit Counseling issued a certificate on the same date as the Petition was filed, March 14, 2008, verifying that Mrs. Robertson received the credit counseling mandated under 11 U.S.C. § 109(h)(1).[4]

---

[2] Defendant Julius M. Bader Trust subsequently assigned its interest in the Subject Property to Defendant Carol L. Baron.

[3] Defendant Baron does not contest that the locks were changed, but contends that such actions were taken to secure and maintain the property, allegedly "ignored" by the Plaintiffs and allowed to deteriorate.

[4] In a supplemental certification, the Debtor-Plaintiffs assert that they secured the credit counseling the night of March 13, 2008, before the filing of the Petition and the date of the certificate issued by the Provider of the credit counseling.

**DISCUSSION**

The thrust of Defendants' opposition to the relief requested in this adversary proceeding is bottomed on the contention that Mrs. Robertson did not have a property interest in the Subject Property, at the time of the bankruptcy filing, so as to either (1) benefit from the protections afforded by the automatic stay under 11 U.S.C. § 362(a), or (2) be eligible for redemption. As a fall-back argument, Defendants contend that the automatic stay did not bar the foreclosure of the 50% interest held in trust for Mr. Koziatek. In addition, Defendants seek dismissal of the underlying bankruptcy case, predicated on the Debtors alleged bad faith in failing to secure timely credit counseling.

Resolution of the parties' disputes requires the Court to address the following issues: (1) whether the Debtors timely complied with the obligation to obtain a credit briefing, so as to qualify as debtors under the Bankruptcy Code, (2) whether at the time of the bankruptcy filing, Mrs. Robertson maintained an interest in the Subject Property, and if so, the scope of such an interest, and (3) whether the Defendants' objections to the relief sought herein are barred by the terms of the confirmed Chapter 13 plan and the doctrine of *res judicata.*

Section 109(h)(1), which was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") amendments of 2005, provides as follows:

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, *during the 180-day period preceding the date of filing of the petition* by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1) (emphasis added). By this provision, Congress created an additional eligibility requirement for individual debtors seeking bankruptcy protection—the obligation to obtain credit counseling within a 180-day period prior to the bankruptcy filing period.

The issue facing this Court, and countless others since the passage of BAPCPA, is whether a briefing secured on the same day of the filing satisfies the mandate of the above statute. Judicial examination of this issue has spawned two distinct lines of case law. The first line of cases ("Plain Language Line") holds that the phrase "the 180-day period preceding the date of filing" requires that the specified action (credit briefing) be obtained no later than the calendar day prior to the day on which the petition is filed.[5] The second line of cases ("Bright Line") holds that § 109(h)(1) is satisfied so long as the credit briefing precedes the filing of the petition, even if both events occur on the same calendar day.[6] The Bright Line cases reason that the briefing period ends at the precise point in time at which the petition is filed; those cases also recognize that the filing of a petition is treated throughout the Bankruptcy Code as a bright line that defines the estate and alters the rights and responsibilities of the debtor and its creditors.

Briefly put, this Court will follow the weight of authority represented by the second line of cases ("Bright Line") and refers the parties to the cited decisions for their extensive and well-reasoned analyses. Accordingly, the Defendants' Cross-Motion for dismissal of the bankruptcy case

---

[5] *See, e.g., In re Gossett*, 369 B.R. 361 (Bankr.N.D.Ill.2007); *In re Cole*, 347 B.R. 70 (Bankr.E.D.Tenn.2006), and *In re Francisco*, 386 B.R. 854 (Bankr.D.N.M.2008).

[6] *See, e.g.*, *In re Francisco, 390 B.R. 700* (10th Cir. BAP 2008), *In re Barbaran*, 365 B.R. 333 (Bankr.D.D.C.2007); *In re Swanson*, 2006 WL 3782906 (Bankr.D.Idaho 2006); *In re Moore*, 359 B.R. 665 (Bankr.E.D.Tenn.2006); *In re Hudson*, 352 B.R. 391 (Bankr.D.Md.2006); In re Toccaline, 2006 WL 2081517 (Bankr.D.Conn.2006); *In re Spears*, 355 B.R. 116 (Bankr.E.D.Wis.2006); *In re Warren*, 339 B.R. 475 (Bankr.E.D.Ark.2006).

is denied.[7]

The Court now turns to the issue of whether Mrs. Robertson, in view of the foreclosure judgment obtained by Defendant Baron, held an interest in the Subject Property as of the time of the bankruptcy filing. The answer is unmistakably clear-Mrs. Robertson maintained the right to redeem her property up until midnight of March 14, 2008, the date on which the foreclosure judgment was entered by the clerk of court.

> N.J.S.A. 54:5-86 provides under subsection (a):
>
> When the municipality is the purchaser of a tax sale certificate, the municipality, or its assignee or transferee, may, at any time after the expiration of the term of six months from the date of sale, institute an action to foreclose the right of redemption. Except as provided in subsection a. of section 39 of P.L.1996, c.62 (C.55:19-58) or as provided in subsection b. of this section, for all other persons that do not acquire a tax sale certificate from a municipality, an action to foreclose the right of redemption may be instituted at any time after the expiration of the term of two years from the date of sale of the tax sale certificate. On instituting the action the right to redeem shall exist and continue until barred by the judgment of the Superior Court.

N.J.S.A. 54:5-86. As a result, the Debtor-Plaintiffs' right to redeem the tax sale certificate on the Subject Property would have expired upon the judgment of foreclosure by the Superior Court, entered on March 14, 2008. However, the Debtor-Plaintiffs filed their Chapter 13 bankruptcy petition at 3:44 p.m. on that same day. The question thus arises, at what point during the day on March 14, 2008, does the foreclosure judgment take effect—barring a subsequent redemption? The Appellate Division of the Superior Court of New Jersey has addressed this exact issue in *Landa v. Adams*, 162 N.J. Super. 318 (App Div. 1978).

In *Landa*, the landowners redeemed the tax sale certificate on the same day that Final

---

[7] The Court notes, but declines to address, the procedural errors employed by Defendants in seeking to dismiss the underlying Chapter 13 case, post confirmation and by means of a cross-motion in this adversary proceeding.

Judgment barring redemption was entered by the Superior Court. The Clerk of the Superior Court could not determine what time on that day the final judgment was actually signed. The Superior Court ruled in favor of the landowner holding that the redemption was timely. In affirming, the Appellate Division held that the landowners be given the whole of the last day allowed by law to redeem. *Landa,* 162 N.J. Super at 322. "Redemption may be made at any time before the close of the last day allowed by law for that purpose." *Landa*, 162 N.J. Super at 322-23 (citing, 47 Am. Jur. 2d, Judicial Sales, 345 at 571).

Inasmuch as Mrs. Robertson, pursuant to applicable nonbankruptcy law, maintained a right to redeem the Subject Property up until midnight on March 14, 2008, the bankruptcy filing operated to automatically stay the foreclosure proceeding; moreover, the subsequent entry of the foreclosure judgment was void *ab initio. See In re Cappadonna*, 154 B.R. 639, 641 (Bankr. D. N.J. 1993) (holding that judicial actions against a debtor initiated while the stay is in effect are void *ab initio*). Likewise, the foreclosure judgment is void and of no effect as to all interests in the Subject Property. It is of no moment whether or not Mrs. Robertson had purchased Mr. Koziatek's interest prior to the bankruptcy filing. Indeed, it is uncontested that pursuant to the terms of her grandmother's will, Mrs. Robertson held a contingent interest in the remaining 50% interest, which would vest upon Mr. Koziatek's death. The Bankruptcy Code defines property interests broadly, encompassing all legal or equitable interests of the debtor in property. 11 U.S.C. § 541(a)(1). The Supreme Court has determined that "[t]he main thrust of [the Bankruptcy Code] is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition. To this end the term property has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Segal v. Rochelle*, 382 U.S. 375,

379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). Property of the estate includes all interests, such as . . . contingent interests and future interests, whether or not transferable by debtor. *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 213 (3d Cir. 2006) (citing *In re Prudential Lines, Inc.*, 928 F.2d 565, 572 (2d Cir.1991). It is also well established that the mere opportunity to receive an economic benefit in the future is property with value under the Bankruptcy Code. *In re Fruehauf Trailer Corp.*, 444 F.3d at 213; *Mellon Bank, N.A. v. Official Comm. of Unsecured Creditors ( In re R.M.L., Inc.*), 92 F.3d 139, 148 (3d Cir.1996) .

Notwithstanding the Court's analyses of the issues presented above, this Court can with ease also rule in favor of Plaintiffs based upon the terms of the confirmed Plan and the doctrine of *res judicata.* Section 1322 of the Bankruptcy Code sets forth the minimum requirements for a mandatory Chapter 13 Plan. 11 U.S.C. § 1322. Subsection (b)(3) broadly permits the plan to provide for the curing or waiving of any default, and subsection (b)(5) permits the plan to provide for the curing of any default within a reasonable time period and maintenance of payments while the case is pending on any unsecured or secured claim on which the last payment is due after the date on which the final payment under the plan is due. 11 U.S.C. § 1322(b)(3), (5). Subsection (c)(1) limits the broad sweep of subsections (b)(3) and (b)(5) by providing, in relevant part, as follows:

> [A] default with respect to, or that gave rise to, a lien on the debtors principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law.

11 U.S.C. § 1322(c)(1). Debtor-Plaintiffs' Plan, confirmed without objection by Defendants, provided for a cure of the tax obligation giving rise to the lien held by Defendant Baron and satisfaction of her claim by means of a sale of the Subject Property. As noted recently by the Third

8

Circuit in *In re Mansaray-Ruffin,* 530 F.3d 230, 238 (3d Cir. 2008):

> The Bankruptcy Code does provide that the terms of a confirmed plan are binding. 11 U.S.C. 1327. In *In re Szostek*, we explained that, '[u]nder 1327, a confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation.' 886 F.2d 1405, 1408 (3d Cir.1989). In that case, a secured creditor sought the revocation of the debtor's confirmed Chapter 13 plan because the plan failed to provide for the full recovery of the present value of its claim. In finding for the debtor, we invoked 1327 and the well settled law that a confirmed plan is final. *Id*. at 1408-10. Quoting from our opinion in *In re Penn Central Transportation Co.*, 771 F.2d 762, 767 (3d Cir.1985), we emphasized our view that:
>
> the purpose of bankruptcy law and the provisions for reorganization could not be realized if the discharge of debtors were not complete and absolute; that if courts should relax provisions of the law and facilitate the assertion of old claims against discharged and reorganized debtors, the policy of the law would be defeated; that creditors would not participate in reorganization if they could not feel that the plan was final, and that it would be unjust and unfair to those who had accepted and acted upon a reorganization plan if the court were thereafter to reopen the plan and change the conditions which constituted the basis of its earlier acceptance. *Szostek*, 886 F.2d at 1409 (internal quotation marks omitted).

The Debtor-Plaintiffs' proposed treatment in their Plan of Baron's claim was unambiguous and unequivocal. Indeed, the Plan specifically provided that the $702.30 secured claim of the Julius M. Bader Trust would be modified and paid in full through the plan. Pointedly, both Defendant Baron and Defendants' counsel were included in the creditor matrix and received notice of the bankruptcy and the terms of the proposed plan. Baron's belated efforts to seek dismissal of the underlying Chapter 13 case and to contest confirmation of the Plan (confirmed by this Court on May 29, 2008) run afoul of the generally-accepted principles of *res judicata* and *estoppel*.

**CONCLUSION**

For the reasons set forth above, this Court grants the injunctive and declaratory relief sought in the Verified Complaint. The Court will not order sanctions for the reasons expressed on record at the oral arguments. Prevailing party shall submit a form of judgment under the five (5) day rule.


Dated: December 1, 2008

                                                    _____
                                                    Honorable Michael B. Kaplan
                                                    United States Bankruptcy Judge